UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ULTRA PREMIUM SERVICES, LLC, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-2277 |
| OFS INTERNATIONAL, LLC, ET AL., *Defendants*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the court on Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 32. The court recommends that Defendants' motion be denied on its merits, and also because Plaintiff filed a First Amended Complaint (Dkt. 87) on September 3, 2019.

Plaintiff asserts causes of action against Defendants for breach of contract and violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 et seq. (DTSA) and the Texas Uniform Trade Secrets Act, TEX. CIV. PROP. & REM. CODE § 134A.001 et seq. (TUTSA). Defendants' move to dismiss the DTSA and TUTSA claims for failure to plead the specific trade secrets it alleges Defendants have misappropriated.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). To meet this standard in a trade secrets misappropriation case, a plaintiff does not need to identify the allegedly infringed trade secrets, but only needs to state a plausible claim for misappropriation.

*Stollerusa, Inc. v. Agri-Science Tech., LLC*, Civil Action No. H-18-3572, 2019 WL 314733 at *3 (S.D. Tex. Jan. 24, 2019). Generally, the issues of whether trade secrets exist and have been infringed turn on factual considerations not appropriate for determination on a 12(b)(6) motion. *Id.*

At the conclusion of a day and half long preliminary injunction hearing on July 29-30, 2019, United States District Judge Vanessa Gilmore concluded:

> I think that you have shown there are trade secrets. I think that you have shown that there is economic value. I think that you have shown, at a minimum, threatened misappropriation of the plaintiff's designs and that you would prevail on your claims.

Dkt. 55 at 7. The parties are currently engaged in discovery and docket call is set for December 20, 2019. Under the circumstances, dismissal of Plaintiff's DTSA and TUTSA claims for failure to meet pleading standards would be inappropriate.

For these reasons, the court recommends that Defendants' Partial Motion to Dismiss (Dkt. 32) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 05, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge