**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ULTRA PREMIUM SERVICES, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-2277 |
| | § | |
| OFS INTERNATIONAL, LLC, ET AL., | § | |
| *Defendants*. | § | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Injunction to Enjoin State Proceedings in Conflict With Court's Rulings Under 28 U.S.C. § 2283 (Dkt. 95). Having considered the parties' submissions and the law, the motion is DENIED.

Plaintiff filed its Original Complaint in this action on June 25, 2019 asserting causes of action against Defendants for violation of the Defend Trade Secrets Act, violation of the Texas Uniform Trade Secrets Act, and breach of contract, and seeking a temporary restraining order, a preliminary injunction, a permanent injunction and damages. Plaintiff's Original Complaint sought preliminary and permanent injunctive relief:

- prohibiting Defendants OFS International LLC, Oilfield Services and Technologies LLC, and each of their members, officers, agents, employees, and those persons in active concert or participation with them, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device from:

    i. Using or disclosing Confidential Information obtained from IPSCO pursuant to the Agreements. IPSCO's Confidential Information is defined as all information regarding or reflecting the design, manufacture, or specifications of IPSCO's Licensed Products pursuant to the Agreements;

    ii. Using, sharing, summarizing, discussing or communicating in any manner concerning or otherwise making use of any of IPSCO's Confidential Information in any form and manufacturing products that are substantially similar to IPSCO's Licensed Products, including, but not limited to, the BHT, Python-SF, and Reaper-SF. OFSi is further enjoined

> from directly or indirectly marketing, selling, or providing field services for these same products; and

> iii. OFSi shall return all of IPSCO's Confidential Information to counsel for IPSCO and shall not further possess, use, access or disclose IPSCO's Confidential Information;

Dkt. 1 at 15-16. The District Court denied the TRO and Preliminary Injunction motions but set an expedited trial on merits for January 2020. On September 3, 2019, Plaintiff filed a First Amended Complaint, seeking essentially the same permanent injunctive relief, but adding Threading and Precision Manufacturing, LLC as a Defendant and adding BHT-S, Python DC, and Warthog DC as allegedly infringing products.

Meanwhile, on August 15, 2019, Plaintiff[1] filed a state court action against Ryan Broussard and Doug Dunford, former employees of Plaintiff who now work for Defendant OFSi. The state court lawsuit asserts causes of action against Broussard and Dunford for violation of the Texas Uniform Trade Secrets Act, breach of Confidentiality Agreements, and (as to Broussard) breach of the duty of loyalty. The state court lawsuit seeks temporary and permanent injunctions preventing Broussard and Dunford:

- from directly or indirectly using or disclosing, or threatening to use or disclose, IPSCO's confidential information and trade secrets for any reason;

- from concealing, moving, or sharing any of IPSCO's equipment, property, documents, reports, books, records, products, confidential information, or trade secrets;

- from deleting or destroying any information relating to IPSCO contained on any computer, phone, disc, data storage device, email account, or cloud storage; and

---

[1] The state court lawsuit was filed in the name of IPSCO Tubulars Inc. d/b/a TMK IPSCO, which are names under which Plaintiff does business.

- from directly or indirectly working for or assisting (whether as an owner, employee, consultant, contractor, or otherwise) any business where they will be put in a position to use IPSCO's confidential information and trade secrets, including OFSi.

Dkt. 110-1 at 20-21. As of October 9, 2019, the state court had not set a hearing on the request for temporary or preliminary injunctive relief. Dkt. 116 at 2.

The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Defendant OFSi moves to enjoin state court proceedings pursuant to the Court's authority "to protect or effectuate its judgments." This authority is known as the "relitigation exception" to the Anti-Injunction Act. The relitigation exception "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppel." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). The exception is narrow, *id.* at 147, and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 297 (1970)). The application of the relitigation exception is a question of law. *Vines v. University of Louisiana at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005). However, the ultimate decision to issue an injunction against state court proceedings remains in the Court's discretion. *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 323 (5th Cir. 2005); *Blanchard 1986 v. Park Plantation, LLC*, 553 F.3d 405, 407-08 (5th Cir. 2008).

Defendants argue that the collateral estoppel effect of the District Court's denial of a preliminary injunction satisfies the requirements for application of the relitigation exception to the

Anti-Injunction Act. "[C]ollateral estoppel applies to prevent issues of ultimate fact from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment." *Vines*, 398 F.3d. at 705; *see also Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999) ("This court has determined that collateral estoppel encompasses three elements: "(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action.").

A comparison of the parties and allegations in the instant federal lawsuit with those in the state court action reveals some differences. The federal lawsuit seeks to prevent OFSi from manufacturing and selling products based on Plaintiff's trade secrets; the state court lawsuit seeks to prevent Broussard and Dunford from sharing Plaintiff's trade secrets with OFSi or anyone else. However, even if the issues and parties in the two cases overlap, the preliminary injunction ruling in this case does not satisfy the finality requirement for application of the relitigation exception to the Anti-Injunction Act.

The District Court's denial of a preliminary injunction is noted in the Court's July 30, 2019 Minute Entry on the Docket, but the reasons for the Court's ruling were stated on the record (Dkt. 55). The transcript of the preliminary injunction hearing makes it clear that denial of the preliminary injunction was premised on the Court's finding that an expedited trial date would prevent Plaintiff from suffering any irreparable harm that could not be compensated by money damages. The Court's findings bear repeating in detail here:

> Well, here is . . . my problem in terms of [the] irreparable harm issue. This . . . has been a very short window in terms of where we have figured everything out. You guys basically figured everything out in May. Here we are in July doing the

4

> preliminary injunction hearing. I told you that I could give you . . . a short deal on that. And I can give you a short turnaround on the trial. . . .
>
> . . . it would be hard for me to see how you could show me that even from a trade secrets context that you could show irreparable harm in a seven- or eight-month period of time, which is all that we would be talking about.
>
> You can have a trial before the year ends. . . . And for you to be able to show that there is irreparable harm in terms of the trade secrets issue between now and, say, December, I think you would be hard-pressed. . . .
>
> I think that you have shown that there are trade secrets. I think that you have shown that there is economic value. I think that you have shown, at a minimum, threatened misappropriation of the plaintiff's designs and that you would prevail on your claims.
>
> I just don't think you are going to get there on irreparable harm and on . . . the harm to you versus the harm to the public . . . in the next three or four months. But ***I'm happy to let you argue that to me. But I can give you a trial date today.*** . . . I think that on the most important elements, in terms of likelihood of success and confidentiality of the information and controlling access and all that, I think the plaintiff prevails on all of that. I just don't think that you can get there on what you need to get preliminary injunctive relief. . . .
>
> I'm not trying to cut you off; but frankly, I have heard what I need to hear with respect to the issue that I'm to decide today, which is preliminary injunctive relief. I'm not addressing whether or not . . . I'm not getting to the merits, although I think that there is a likelihood that the plaintiff would prevail on the merits of the case; but I don't have to get all the way there today. . . .
>
> But ***I'm happy to hear argument from you or the other side or I am happy to have you present the rest of your witnesses. I just wanted to save us all some time.*** . . .

Dkt. 55 at 6-10 (emphasis added). After confirming the Court did not intend to issue any findings of fact beyond those stated on the record, counsel for Plaintiff agreed to cut short the preliminary injunction hearing and requested a trial setting in January 2020. The Court set the case for docket call on December 20, 2019 with a January trial setting and ordered the parties to mediation. *Id.* at 11-12.

Courts of appeals generally have jurisdiction to hear appeals from district court injunction rulings under 28 U.S.C. § 1292(a)(1).[2] Defendants argue that the availability of an appeal is a "significant factor" in a finality analysis for purposes of collateral estoppel, and thus the Court's preliminary injunction ruling in this case is final for purposes of issue preclusion. *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip., Inc.,* 434 F.3d 320, 326 (5th Cir. 2005). However, the Court's denial of Plaintiff's application for a preliminary injunction was in large part based on Plaintiff's practical decision to forego a full preliminary injunction hearing in light of the Court's offer of an expedited trial setting. An appeal would have negated the expedited trial setting. Furthermore, the record of the hearing makes it doubtful that all elements of a preliminary injunction were "actually litigated" before the district court as is required for application of collateral estoppel. *Next Level Commc'ns LP*, 179 F.3d at 250. Under these circumstances, it is not clear Plaintiff actually litigated the issue and had the ability to appeal the ruling.

Even if the relitigation exception applied under these circumstances, whether to issue an injunction against state court proceedings remains within the federal court's discretion. *Harvey Specialty & Supply, Inc.*, 434 F.3d at 323; *Blanchard 1986 v. Park Plantation, LLC*, 553 F.3d 405, 407-08 (5th Cir. 2008). The Supreme Court has cautioned "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court (here, the [state court]). So issuing an injunction under the relitigation exception is resorting to heavy artillery." *Smith*,

---

[2] 28 U.S.C.A. § 1292(a)(1) provides:

  (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

  (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

6

564 U.S. at 307 (emphasis in original). Defendant has not cited a case in which a federal court granted an injunction against state court proceedings pursuant to the relitigation exception of the Anti-Injunction Act under similar circumstances.[3] There is no reason the state court cannot determine the preclusive effect of the prior preliminary injunction ruling. For these reasons, Defendant's Motion for Injunction to Enjoin State Court Proceedings (Dkt. 95) is DENIED.

Signed on November 07, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

---

[3] *Bridal Expo, Inc. v. van Florestein*, Civil Action No. 4:08-CV-3777, 2009 WL 255762, at *4-5 (S.D. Tex. Feb. 3, 2009) and *Save Our Parks v. Kempthorne*, No. 06 Civ. 6859, 2006 WL 3378703 at *19 n.11 (S.D.N.Y. Nov. 15, 2006), cited by Defendants (Dkt. 95 at 14-15), do not involve the relitigation exception to the Anti-Injunction Act and do not support an injunction in this case.