**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ULTRA PREMIUM SERVICES, LLC, ET AL., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-2277 |
| | § | |
| OFS INTERNATIONAL, LLC, ET AL., | § | |
| *Defendants*. | § | |

## ORDER

This matter is before the Court on Defendants' Motion for Partial Summary Judgment (Dkt. 230) and Defendants' Partial Motion to Strike the Rebuttal Opinions of David Mallis (Dkt. 226). On July 16, 2020, the Court set oral argument on the Motion for Partial Summary Judgment and shortly therefore on July 20, 2020 the Court asked the parties to submit a short letter brief address Plaintiffs' breach of contract claim. The court held a video hearing on Zoom.gov on July 25, 2020 at which the parties made their arguments in favor of and in opposition to Defendants' Partial Motion for Summary Judgment. The Court allowed the parties to submit post hearing letters to identify the evidence *in the existing summary judgment record* that supports the parties' arguments. Plaintiff submitted an additional affidavit from a fact witness. The submission of a new affidavit does not comply with the Court's instructions allowing post argument submissions and it will not be considered.

The parties are scheduled to begin a bench trial on August 24, 2020 on Plaintiffs' trade secret misappropriation and breach of contract claims for several different

connections. Defendants moved for summary judgment with respect to only one connection at issue in the case—Plaintiffs' "BPN" connection. Defendants' motion for partial summary judgment argues that the design parameters of the BPN connection which Plaintiffs allege are trade secrets are either publicly known or derived from publicly known information. Defendants also argue that Plaintiffs' breach of contract claim fails with respect to the BPN connection because Plaintiff cannot as a matter of law protect by contract information that is public or not secret. *See, e.g.* Dkt. 230 at 13.

In a non-jury trial, the judge is the ultimate trier of fact and may grant summary judgment where a trial would not enhance the Court's ability to draw inferences and conclusions. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978); *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991). The Court must be aware that assessments of credibility, however, may come into sharper focus upon hearing the witnesses testify. *Placid Oil*, 932 F.2d at 398.

Plaintiffs' response to the motion for partial summary judgment argues that while API specifications are public information, the BPN connection consists of "unique" design parameters not specified by API, not controlled by API specifications, and not publicly available. The Court remains skeptical that the design parameters of the BPN identified by Plaintiffs will be shown at trial to be trade secrets. However, the Court is not convinced the summary judgment record clearly demonstrates that Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim with respect to the BPN connection.

Plaintiffs argue that its "breach of contract claims against Defendants…survive even if the Court were to rule that [Plaintiffs'] BPN connection does not rise to the level of a trade secret under state and federal statutes." Dkt. 266 at 1. Plaintiffs argue, among other things, that the breach of contract claims survive because the "various licensing agreements entered into between [the parties] …do not confine the definition of 'Confidential Information' solely to information that rises to the level of a 'trade secret'" and "the Fifth Circuit and countless other jurisdictions have held that nondisclosure agreements that expand the definition of 'Confidential Information' beyond the definition of 'trade secret' are valid and enforceable." *Id.* Defendants, on the other hand, argue that the licensing agreements do not protect non-confidential information because the agreements exclude information in the public domain, and require Plaintiffs to have given permission for use of public information once shown to Plaintiffs' "reasonable satisfaction" that the information is public. Dkt 265 at 1-2. Defendants also argue that Plaintiffs cannot control through contractual provisions, the right to use public information. *Id.* at 2. The summary judgment record in this case does not allow the Court to determine as a matter of law that Plaintiffs' BPN design was part of the public domain and therefore excluded from the confidentiality provisions in the parties' contracts.

Finally, the Court believes that to a large degree, the evidence Plaintiffs will introduce at trial to demonstrate liability and damages on a breach of contract claim with regard to the BPN connection, overlaps with the evidence Plaintiffs will introduce to demonstrate liability on the trade secret causes of action with regard to the BPN connection. Therefore, granting summary judgment on the trade secret aspect of the BPN connection

likely will not shorten the trial in this case substantially or promote judicial economy. Consequently, the Court DENIES in its entirety Defendants' Motion for Partial Summary Judgment.

It is further ORDERED that at the pre-trial conference set for August 19, 2020, the Court will hear argument on Defendants' Motion to Strike the Rebuttal Opinions of David Mallis (Dkt. 226), which Plaintiffs objected to arguing on July 25, 2020 due to lack of notice, as well as the pending motions to strike expert opinions of Bratic and Wooley (Dkts. 260, 262).

Signed on August 04, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge